UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID SCOTT ALBERS,

        Petitioner,

                                  Case No. 1:13-cv-1222
v.                                Hon. Robert J. Jonker

JEFFREY LARSON,

        Respondent.

_____/

**REPORT AND RECOMMENDATION**

    I.       **Background**

On July 11, 2011, David Scott Albers (petitioner) pled guilty to violating 18 U.S.C. § 1958(a) ("Use of interstate commerce facilities in the commission of murder-for-hire"). *See United States v. Albers*, No. 1:10-cr-297 (Judg. July 11, 2011) (docket no. 43).[1] Petitioner was sentenced to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 120 months, "to be served consecutive to the sentence imposed in the 16th Circuit Court (State of Michigan), case number 2008-005092-FC". *Id.* In addition, petitioner was sentenced to three years of supervised release upon his release from imprisonment. *Id.* State records indicate that on June 23, 2009, petitioner was sentenced to a term of 9 to 30 years imprisonment in the Michigan Department of Corrections (MDOC) for solicitation of murder, M.C.L. § 750.157b(2).[2]

The Sixth Circuit Court of Appeals affirmed Albers' conviction and sentence on July 13, 2012, with a mandate issued on September 5, 2012. *See United States v. Albers*, No. 11-1882

---

[1] The Court notes that petitioner's criminal case was assigned to the Honorable Janet T. Neff.

[2] This information appears on the MDOC's Offender Tracking Information Service (OTIS) available at the MDOC's website as http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=731993.

(6th Cir.) (Opinion July 13, 2012) (Mandate Sept. 5, 2012).  Albers has not filed a motion in this Court to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255.   He is currently incarcerated at the MDOC's Carson City Correctional Facility.

Albers commenced the present federal action by filing a document which is entitled "'Original' Habeas Corpus with Writ of Error/Coram Nobis in support" (docket no. 1).  Albers cites a number of federal statutes which he contends support his claim for relief, including (but not limited to) the following: 28 U.S.C. § 2248 ("[t]he allegations of a return to the writ of habeas corpus . . . , if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true"); 28 U.S.C. § 1251(b)(1) (the Supreme Court shall have original but not exclusive jurisdiction of "[a]ll actions or proceedings to which ambassadors, other public ministers, consuls, or vice consuls of foreign states are parties");  28 U.S.C. § 1350 ("[t]he district courts shall have original jurisdiction of any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States"); and, 28 U.S.C. § 1746(1) (form for unsworn declarations under perjury).  Petition (docket no. 1 at pp. 3-4).

The primary basis for petitioner's claim appears to be that he is a "foreign state," that he is contesting his federal conviction by a "special visitation" to the Court, and that "[h]e is a nonresident party and a transient foreigner who is not subject to the territorial or subject matter jurisdiction of this foreign tribunal and he does not waive his rights or voluntarily consent to the jurisdiction of this court by making an 'appearance' in this matter[.]"  *Id.* (docket no. 1 at p. 8).  For relief, petitioner stated that because this Court "acted wholly without jurisdiction to charge, convict, and sentence him under Foreign State Status, where no jurisdiction existed  . . .  the Court must dismiss the charge(s) completely with Prejudice."  *Id.* (docket no. 1 at p. 20).  The Clerk's Office,

having limited options under the United States Code and the Federal Rules of Civil Procedure, classified Albers' collateral attack as a petition seeking relief under 28 U.S.C. §2241, a federal statute which authorizes federal district courts to grant writs of habeas corpus to prisoners "in custody." *See* 28 U.S.C. § 2241(c).[3]

On the same day, Albers filed in this Court a document entitled "Petition to dismiss for lack of jurisdiction" (docket no. 2).  In this document, Albers defines himself as "a sovereign without subjects and an American National inhabitant of the land of the Republic of Michigan," *id.* at ¶ 3, and asks that the Court dismiss his federal criminal case, *United States v. Albers*, 1:10-cr-297, "for want and-or lack of subject matter jurisdiction or 'other' invalidating case," *id.* at p. 3.  The Clerk docketed this document as a motion for relief from judgment.  Neither the petition nor the motion for relief from judgment have been served on respondent.

Petitioner has also filed a letter with the Court asking for a hearing date. *See* Letter (docket no. 6). The Clerk docketed this letter as a "Motion for hearing on his case." *Id.*

## II.    Discussion

Despite the name Albers places on his petition, or how he classifies himself in that petition, the present lawsuit is an action brought by a person who is collaterally attacking his federal conviction through some type of habeas corpus action.  *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("the essence of habeas corpus is an attack by a person in custody upon the legality of that custody").  Pursuant to 28 U.S.C. § 2243, "the District Court has a duty to screen out a habeas

---

[3] The Court notes that petitioner has paid the $5.00 filing fee for a habeas action.

corpus petition which should be dismissed for lack of merit on its face." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).[4]

Although the Clerk's Office designated Albers' claim as an action under § 2241, this action is a collateral attack on the sentence imposed on him by this Court in *United States v. Albers*, 1:10-cr-297, which contests this Court's jurisdiction to impose a sentence on him. This is a "textbook" challenge pursuant to § 2255, which provides in pertinent part that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or *that the court was without jurisdiction to impose such sentence*, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a) (emphasis added). Given this challenge, this action should have been docketed as a motion to vacate, set aside or correct the his federal sentence under § 2255 and assigned to the sentencing judge. As one court observed:

> Regardless of how a post-conviction motion for relief might be titled, or how the arguments contained therein might be framed, it is well established that a post-conviction motion that is functionally a Section 2255 motion should be treated as such. . . The mere fact that [the prisoner] claimed to have brought his July 23, 2003, motion under a provision of the U.S. Constitution rather than under § 2255 does not change the fact that the motion constituted a collateral attack to his conviction. Accordingly, the court properly construed it as a motion under § 2255 and denied it on its merits.

*Holman v. United States*, No. 1:99-cr-62, 2006 WL 360907 at *2 (N.D. Ind. Feb. 15, 2006).

---

[4] Section 2243 provides in pertinent part that "[a] court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."

Furthermore, even if this Court construed Albers' action as a petition brought pursuant to § 2241, his remedy still lies with § 2255 not § 2241.  "Section 2255 is the primary avenue for relief for federal prisoners protesting the legality of their sentence, while § 2241 is appropriate for claims challenging the execution or manner in which the sentence is served." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).  While a federal prisoner may challenge the validity of his conviction or sentence under § 2241, he can do so only if § 2255 is "inadequate or ineffective to test the legality of his detention." *Id.*  *See* § 2255(e) ("An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.) *See also, Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) ("[t]he exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255").  As the Sixth Circuit explained in *Brice v. Snyder*, 82 Fed. Appx. 444 (6th Cir. 2003).

> Though § 2255 is normally the exclusive way for federal prisoners to collaterally attack their convictions, the section includes a "savings clause" that permits a prisoner to petition for a § 2241 writ of habeas corpus upon a showing that relief under § 2255 was "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; *Bannerman v. Snyder*, 325 F.3d 722, 723 (6th Cir. 2003). And to show § 2255 relief "inadequate or ineffective," a prisoner must demonstrate actual innocence. *Bannerman*, 325 F.3d at 724.

*Brice*, 82 Fed. Appx. at 446.  *See Davis v. United States*, 417 U.S. 333, 343 (1974) (observing that "§ 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus").

5

Here, Albers' primary method of attacking his sentence for lack of jurisdiction is by filing a motion to vacate, set aside or correct the sentence pursuant to § 2255. His present petition, whether viewed as brought pursuant to § 2241 or some other federal statute, seeks relief which is available solely under § 2255 unless Albers has demonstrated that he applied for relief, by motion, to the court which sentenced him, and that the remedy available under § 2255 "is inadequate or ineffective to test the legality of his detention." *See* § 2255(e). Albers has made no such showing. Accordingly, Albers' petition filed in this matter (docket no. 1) should be dismissed, and his related motions for relief from judgment (docket no. 2) and for a hearing (docket no. 6) should be denied.[5]

### III.    Recommendation

For these reasons, I respectfully recommend that Albers' petition for writ of habeas corpus be **DISMISSED**, that the related motions for relief from judgment (docket no. 2) and for a hearing (docket no. 6) be **DENIED** and that this action be **TERMINATED**.

Dated: April 16, 2014                              /s/ Hugh W. Brenneman, Jr.
                                                   HUGH W. BRENNEMAN, JR.
                                                   United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

---

[5] Prior to filing this action, Albers was placed on notice that he could file a motion a motion to vacate his sentence under 28 U.S.C. § 2255. *See United States v. Albers*, 1:10-cr-297 (Order) (October 21, 2013). Since Albers thereafter made a conscious decision not to bring the present action pursuant to § 2255, I find no reason to recommend that this action be re-assigned to the presiding judge in the Albers' criminal action as a § 2255 action. *See generally*, W.D. Mich. LCivR 3.3.2 ("Reassignment of Cases").